MILTON M. FORD

*v.*

RICHARD MARCALL.

*Filed at Ottawa June 16, 1883*

1. JUDGMENT LIEN—*how created after failure to sue out execution within a year.* A judgment ceases to be a lien on real estate if execution is not issued thereon within one year from its date, in which case the execution may be sued out within seven years from the date of the judgment, and it then becomes a lien on the real estate of the debtor from its delivery to the sheriff or other proper officer; but if he has conveyed the same, and his deed is recorded before such execution is placed in the hands of the officer, no lien will attach, and no title will pass by a levy and sale.

2. NOTICE *by possession—possession by a grantor, as notice of his equitable rights.* Where A, the owner of land, conveyed the same to B, without any consideration, to be held in trust, and B conveyed the same in like manner to C, merely to enable him to sell for the benefit of A, who remained all the time in the actual possession of the premises, it was *held*, that the possession of A was notice to a judgment creditor of C of A's equitable title, and that such creditor having such notice acquired no title by a levy and sale of the premises on execution against C, he not being an innocent purchaser entitled to the protection of the law.

APPEAL from the Circuit Court of Henry county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. H. BIGELOW, for the appellant:

This case presents the question, whether, in the absence of any fraud, the retention of possession of real estate by a grantor is sufficient, of itself, to overcome the Statute of Frauds relating to the creation of trusts. Rev. Stat. 1845, chap. 44, sec. 4; Rev. Stat. 1874, chap. 58, sec. 9.

In this case appellee's grantor did no affirmative act whatever to evidence a trust, even if it be conceded that the requirements of the statute could be obviated in that way, (a principle never held by any court, that I am aware of.) She simply omitted to do what the law required of her, viz., to surrender possession to her first grantee, Susan A. Bonham,

or to Susan's grantee, Robinson, and this omission is made the basis of a decree in favor of her subsequent grantee, but it is not. sufficient to sustain it.    *Perry* v. *McHenry*, 13 Ill. 227.

The Statute of Frauds is the plain law of the land, necessary for the protection of property and the prevention of perjury, and it is the duty of the courts to enforce it, notwithstanding it may work occasional hardship.    *Hite* v. *Wells*, 17 Ill. 88.

No parol agreement made at the time of or subsequent to a conveyance, will, in the absence of fraud, take a case out of the statute.    *Rogers* v. *Simmons*, 55 Ill. 76; *Walter* v. *Klock*, id. 362.

It is not pretended that the alleged trust is a resulting trust, or one created "by construction, implication or operation of law," hence it must be, as the court below found it, an express trust, and so clearly within the statute.    *Lantry et al.* v. *Lantry*, 51 Ill. 458.

Mr. C. C. WILSON, for the appellee:

Actual possession charges purchasers with notice of the rights of the person in possession.    *Davidson* v. *Porter*, 57 Ill. 300; *Riggs* v. *Henneberry*, 58 id. 134; *Illinois Central R. R. Co.* v. *McCullough*, 59 id. 166; *Flint* v. *Lewis*, 61 id. 299; *Smith* v. *Heirs of Jackson*, 76 id. 254; *Strong et al.* v. *Shea et al.* 83 id. 578.

Actual occupancy of premises is notice equal to the record of a deed.    *Coari* v. *Olsen*, 91 Ill. 273.

When the grantor of real estate remains in possession, all persons acquiring title from the grantee are chargeable with notice of all the claims of the grantor.    *White et al.* v. *White et al.* 89 Ill. 460.

The rule of *caveat emptor* applies to the sale of lands and all judicial sales.    *England* v. *Clark*, 4 Scam. 486; *Walbridge* v. *Day et al.* 31 Ill. 380.

George Robinson was simply the agent of Elizabeth Bonham to sell the land for her, and the appellant had full notice of that fact, and therefore had no right to levy on and sell said land to pay the debt of such agent. *Trustees of Schools* v. *McCormack Bros.* 41 Ill. 323.

Mr. Justice Scott delivered the opinion of the Court:

Both parties claim the title to the land in controversy that was in Elizabeth Bonham. Complainant, Richard Marcall, deraigns the title he insists is paramount, directly from her through certain *mesne* conveyances, and defendant, Milton M. Ford, claims title by virtue of an execution sale of the land as the property of George Robinson, in whom he alleges the title was by virtue of *mesne* conveyances from the original owner. This bill was brought to set aside the sheriff's deed as a cloud upon complainant's title. The circuit court decreed relief according to the prayer of the bill, and defendant brings the case to this court on appeal.

The only evidence contained in the record is that recited in the decree of the court, from which it appears that on the 10th day of December, 1872, Elizabeth Bonham conveyed the land to Susan A. Bonham, and on the 1st day of October, 1873, Susan A. Bonham conveyed the same land to George Robinson. Both deeds were made without consideration, and were simply intended to place the title in the grantees for the purpose of sale, for the accommodation of the grantor. Neither grantee ever claimed more than to hold the legal title in trust for the grantor, and to be reconveyed to her at any time, on request. The grantor all the time retained the possession of the land. Afterwards, Robinson conveyed the property to Hamlet G. Bonham. This deed is dated February 21, 1874. Hamlet G. Bonham then made a declaration of trust, dated March 26, 1875, stating on what terms he held the title for Elizabeth Bonham. That declara-

tion of trust was recorded in the recorder's office in the county where the land is situated. On the 11th day of February, 1874, Swan Swanson and Christian Johnson, administrators, recovered a judgment against George Robinson. It is under a sheriff's sale on an execution issued on that judgment that defendant claims the land that is the subject of this litigation. It does not appear when the sheriff's sale was in fact made, but the sheriff's deed bears date March 2, 1878. Defendant, however, states, in his answer, execution issued on the judgment July 29, 1876; that on the 31st of August, thereafter, the sheriff levied it on the land in question, and on the 25th of November, of the same year, sold it to defendant for $350.

There is a technical ground on which the decree of the circuit court may be affirmed. It does not appear, from any evidence in the record, that any execution was issued on the judgment under which the land was sold, within one year from the time it is alleged the judgment became a lien on the land in the hands of Robinson. The statute declares, "when an execution is not issued on a judgment within one year from the time the same became a lien, it shall thereafter cease to be a lien, but execution may issue on such judgment at any time within seven years, and shall become a lien on such real estate from the time it shall be delivered to the sheriff or other proper officer to be executed." It will be observed that Robinson conveyed the property to Hamlet G. Bonham on the 21st day of February, 1874, and that was ten days after it was claimed the judgment became a lien on it. As before remarked, it does not appear from any evidence when the first execution was issued on the judgment, but if defendant's answer may be taken as evidence against him, no mention is made of any execution as having been issued on the judgment until July 29, 1876. That was more than a year after Robinson had conveyed the land to Hamlet G. Bonham, and more than a year after it is alleged it became a lien on

the property in the hands of Robinson, and hence the judgment had ceased to be a lien, and the subsequent sale passed no title to the purchaser at the execution sale, as against the subsequent grantee.

There is another ground upon which the decree may be affirmed, which is, perhaps, more satisfactory. The law is, as this court has declared in *White* v. *White*, 89 Ill. 460, that when the grantor of real estate remains in possession, all persons acquiring title from the grantee are chargeable with notice of all the claims of the grantor. In this case it appears, from the evidence preserved in the decree, that Elizabeth Bonham and complainant have been in the full, complete, open and notorious possession of the premises, by themselves and tenants, cultivating and occupying the same since before the making of the deed to Susan A. Bonham. That was notice to defendant, before he purchased the land at execution sale, of the equitable rights of the parties in possession. Besides that, he was notified, long before the sheriff's sale, that Robinson had not then, and never had, any interest in the land, and that he only held the legal title for the benefit of Elizabeth Bonham, the real owner. Defendant is in no sense an innocent purchaser,—certainly not in that sense that he can claim the protection of the law. The doctrine of express trust insisted upon has no application to the facts of this case, and need not be discussed.

The decree of the circuit court will be affirmed.

*Decree affirmed.*